UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEMARCUS CHATMON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-163 |
| | § | |
| CITY OF LA MARQUE, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Demarcus Chatmon is incarcerated in the Jefferson County Jail. He filed a complaint under 42 U.S.C. § 1983 alleging a violation of his civil rights. Because Chatmon is a prisoner proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings. The Court must dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A, § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

## I.     BACKGROUND

Plaintiff alleges in his complaint that on November 18, 2014, three police officers from the City of La Marque pulled over a car in which he was a passenger, instructed him to exit the car, and attacked him. Plaintiff alleges that he was "slammed to the ground,"

that his teeth were knocked out, that he passed out, and that he was "denied medical attention on video" (Dkt. 1, at 2).

Plaintiff filed a previous suit in this Court on November 22, 2016, regarding the same events. *See Chatmon v. City of La Marque*, Civil Action No. 3:16-0331. On August 21, 2017, the Court dismissed the case for want of prosecution. In his current suit, filed on May 25, 2018, Plaintiff states that he wishes to "appeal" this Court's dismissal in Civil Action No. 3:16-331 and "refile this case" (Dkt. 1, at 4).

## II.   STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A, § 1915(e)(2)(B). A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005). A dismissal for failure to state a claim is governed by the same standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and,

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger*, 404 F.3d at 373.

## III.  **DISCUSSION**

Plaintiff states in his complaint that he wishes to "appeal" the Court's dismissal for want of prosecution in Civil Action No. 3:16-0331. However, a litigant may not appeal an adverse ruling by re-filing a new complaint in the same court. Rather, an appeal from a district court is taken to a court of appeals. *See* FED. R. APP. P. 3(a)(1). Moreover, to the extent Plaintiff seeks to appeal the Court's dismissal of Civil Action No. 3:16-0331 to the United States Court of Appeals for the Fifth Circuit, the time to file an appeal has expired. *See* FED. R. APP. P. 4(a)(1)(A) (in a civil case "the notice of

appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from").[1]

Plaintiff's claims in the case at bar must be construed as a new civil action to redress the defendants' alleged violations on November 18, 2014. His claims that officers used excessive force against him during a traffic stop are governed by the Fourth Amendment. *See Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014). Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a law enforcement official, for a constitutional violation. See *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

Civil rights claims under § 1983 are subject to the two-year statute of limitations provided by Texas law. *See Winfrey v. Rogers*, 882 F.3d 187, 196 (5th Cir. 2018); TEX. CIV. PRAC. & REM. CODE § 16.003(a). This means that Plaintiff had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. The two-year limitations period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Moon v. City of El Paso*, 906 F.3d 352, 358 (5th Cir. 2018 (internal quotation marks and citation omitted). An excessive force claim generally accrues on the date when force is inflicted. *Morrill v. City of*

---

[1] To the extent Plaintiff's current complaint could be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), relief is denied because Plaintiff has not demonstrated extraordinary circumstances or any other grounds justifying relief under the rule. *See Lowry Dev., L.L.C. v. Groves & Associates Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012); *Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005).

*Denton, Tex.*, 693 F. App'x 304, 306 (5th Cir. 2017) (citing *Price v. City of San Antonio*, 431 F.3d 890, 893-94 (5th Cir. 2005)).

Plaintiff claims that he was injured on November 18, 2014. By his account of the facts, he was immediately aware of alleged use of force by La Marque police officers, which is the basis of his claim for relief. He alleges no facts sufficient to toll the limitations period. *See Moon*, 906 F.3d at 358. His claims therefore accrued on November 18, 2014, and the two-year statute of limitations expired on November 18, 2016. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). However, Plaintiff did not file this suit until May 25, 2018. Because Plaintiff waited more than two years to file suit from the time his claims accrued, his complaint is untimely and subject to dismissal as legally frivolous. *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** that the complaint (Dkt. 1) is **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

**The Clerk will provide a copy of this order to the parties and to the Manager of the Three-Strikes List for the Southern District of Texas.**

SIGNED at Galveston, Texas, this 28th day of January, 2019.

George C. Hanks Jr.
United States District Judge